**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Crim. No. 08-729-2** |
| | : | |
| **RICARDO RODRIGUEZ** | : | |
| | : | |

---

## ORDER

Defendant Ricardo Rodriguez seeks a modification of his imposed sentence.  18 U.S.C. §

3582(c)(2).   On October 6, 2009, Defendant pled guilty to conspiracy to possess cocaine,

possession with intent to distribute cocaine, and aiding and abetting offenses.  (Doc. No. 59); 21

U.S.C. § 846; id. §§ 841(a)(1), (b)(1)(B); 18 U.S.C. § 2.  In his plea agreement, Defendant

stipulated that his offense involved 140 kilograms of cocaine, and that he was subject to a two-

point enhancement for his managerial role in the offense.  (See Sentencing Tr., Doc. No. 163, at

19.)

Probation determined that Defendant's criminal history category was I and his base

offense level was 36.  Probation further added a two-point enhancement for his managerial role,

and subtracted three points for his acceptance of responsibility, yielding a total offense level of

35 and a Guidelines range of 168 to 210 months.  (See Sentencing Tr. at 4.)  Because the

conspiracy charge carried a 240-month mandatory minimum, Probation recommended a 240-

month sentence.  (Id. at 4.)

The Government moved for a downward departure based on Defendant's substantial

assistance.  18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1.  At Defendant's sentencing on August 29,

2011, I adopted Probation's conclusions and granted the Government's motion.  (Sentencing Tr.

at 4.)  Because I granted the Government's motion, I had the authority to impose a sentence

below the mandatory minimum.  18 U.S.C. § 3553(e).  I applied a three-level reduction in the offense level, which reduced Defendant's total offense level to 32 and his Guidelines range to 121 to 151 months, and sentenced Defendant to 150 months' imprisonment.  (Id. at 4-6, 24.)

    After I sentenced Defendant, the Sentencing Commission amended the sentencing guidelines to reduce by two levels the offense levels assigned to the quantities that trigger statutory mandatory minimum penalties, and made this amendment retroactive.  U.S.S.G. Amend. 782; U.S.S.G. Amend. 787.  The Parties agree that Defendant is eligible for a sentence reduction as a result of Amendments 782 and 787.  (Def. Br., Doc. No. 180, at 2; Gov't Br., Doc. No. 186, at 7.)  They further agree that, applying the amended Guidelines, Defendant's base offense level drops to 33, total offense level drops to 30, and Guidelines range drops to 97 to 121 months.  (Def. Br. at 2; Gov't Br. at 7.)  The Government does not object to a reduction in Defendant's sentence to 120 months, which is, consistent with my original sentence, one month below the maximum sentence I may apply within the recommended Guidelines range.  (Gov't Br. at 7.)

    Defendant, however, seeks a reduction in his sentence to 97 months (the bottom of his revised Guidelines range).  (Def. Br. at 2.)

    In determining whether to reduce a sentence based on a retroactive amendment, "[t]he court shall consider the factors set forth in 18 U.S.C. § 3553(a)" as well as "[p]ublic [s]afety [c]onsideration[s]."  U.S.S.G. § 1B1.10 cmt. (1)(B)(i)-(ii).  I may also consider "[p]ost-[s]entencing [c]onduct."  Id. cmt. (1)(B)(iii).

    Defendant pled guilty to a managerial role in the distribution of a staggering amount of cocaine (some 173 kilograms) valued at millions of dollars.  (Sentencing Tr. at 19.)  At the time of sentencing, Defendant had four previous convictions.  (Id. at 20.)  Defendant notes his

advanced age and good behavior while incarcerated.  (Def. Br. at 3-4.)

Defendant's offenses were extremely serious, requiring the imposition of a sentence that will deter him and others.  In these circumstances, I will order Defendant's term of imprisonment be reduced from 150 months to 121 months.

**AND NOW**, this 22nd day of September, 2016, upon consideration of Defendant's Motion to Reduce Sentence (Doc. No. 180), the Government's Response (Doc. No. 186), and all related submissions, it is hereby **ORDERED** that Defendant's term of imprisonment in this case is reduced from 150 months to a total sentence of 121 months.  All other terms and conditions of the original sentence are to remain the same.

It is further **ORDERED** that Defendant's *Pro Se* Motion to Reduce his Sentence (Doc. No. 187) is **DENIED as moot.**

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.